FILED

03/23/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0048

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0048



MAR 2 3 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ZANE AARON TENOLD,

Petitioner,

v.                                                      O R D E R

WARDEN JIM SALMONSEN,

Respondent.

Zane Aaron Tenold has filed a Petition for a Writ of Habeas Corpus, explaining that he is due more credit for time served for his concurrent sentences from the Ravalli County District Court. In compliance with this Court's February 3, 2021 Order, the Special Assistant Attorney General for the Department of Corrections (the Department or DOC) responds that Tenold's Petition should be denied because Tenold has a consecutive sentence. Lastly, Tenold moves this Court for leave to file a reply brief.

Both Tenold and the Department provide his criminal sentencing background along with attachments. Tenold has four criminal cases; three are relevant here.[1] In 2007, the Ravalli County District Court accepted Tenold's pleas of guilty to felony criminal endangerment and felony theft. The District Court imposed a deferred sentence of six years on each offense to run concurrently and awarded twenty days of credit for time served. In 2010, the District Court revoked Tenold's deferred sentence and sentenced Tenold to two, suspended, concurrent ten-year commitments. Tenold points out that he received fifty-three days of credit for time served.

On April 20, 2016, the court again revoked Tenold's suspended sentence and resentenced him to two, concurrent DOC ten-year commitments with five years suspended (hereinafter first sentence). Tenold received 72 hours or three days of credit for time

_____

[1] Tenold's second sentence, as designated by the DOC, originated in the Gallatin County District Court, and Tenold has since discharged it.

served. On April 21, 2016, Tenold received a separate sentence for felony theft, and the District Court sentenced him to a ten-year DOC commitment with five years suspended, to run concurrently with his first sentence (hereinafter third sentence).

On March 14, 2018, Tenold appeared again in the Ravalli County District Court for sentencing (hereinafter fourth sentence). The District Court committed Tenold to the DOC for an unsuspended, five-year term, to run concurrently with his third sentence. The District Court, however, did not state how this fourth sentence would run to Tenold's first sentence.

Tenold contends that the DOC Montana State Prison (MSP) Records Department has not included the correct amount of credit. He contends that all of his credit for time served should merge with the concurrent running of his sentences. He further contends that this miscalculation affects his parole eligibility and discharge dates. Tenold states that he has an upcoming appearance before the Board of Pardons and Parole.

The Department explains that contrary to Tenold's assertions his sentences do not all run concurrently. The Department states that his sentence calculations are correct and provides an affidavit from the MSP Records Department Manager. Because the District Court did not expressly state how his fourth sentence would run with his first sentence, the Department points out that under Montana law, the fourth sentence runs consecutively to his first sentence. Section 46-18-401(4), MCA. Consequently, the Department concludes that his sentences do not merge. The Department explains in detail the credit of time served as applied to each sentence and that any suspended, noncustodial time of his first sentence would not be served until Tenold serves the custodial portion of his fourth sentence.

We agree with the Department that not all of Tenold's sentences run concurrently. We conclude that the running of Tenold's sentences is correct. Upon review, however, this Court has concern with Tenold's first sentence because he may have not received all the credit that he was due, making it longer than the law allows. Section 46-18-403(1), MCA; *Lott v. State*, 2006 MT 279, ¶ 22, 334 Mont. 270, 150 P.3d 337. We point out that the District Court awarded Tenold twenty days of credit for time served in jail in his original deferred sentence. Section 46-18-201(9), MCA. For the 2010 revocation of his first

2

sentence, as Tenold mentions, he received fifty-three days for credit in detention. Section 46-18-203(7)(b), MCA. According to the sentence calculation provided by each party, Tenold only received three days of credit for time served. It is unclear whether Tenold would be due at a minimum, twenty days, or at a maximum, seventy-three (20 + 53) days of credit for time served, without duplication along with the 72 hours for his first sentence because it was not included in the 2016 revocation judgment for his first sentence. Therefore,

IT IS ORDERED that the counsel for the Department of Correction is GRANTED thirty days from the date of this Order in which to prepare, file, and serve a supplemental response to the issue of whether Tenold is entitled to any more credit for time served on his first sentence. M. R. App. P. 14(7)(b). This Court will issue a decision on Tenold's Petition after receipt of the supplemental response.

IT IS FURTHER ORDERED that Tenold's Motion for Leave to File Reply Brief is DENIED and DISMISSED. M. R. App. P. 14(7)(a).

The Clerk is directed to provide a copy of this Order to counsel of record and to Zane Aaron Tenold personally.

DATED this 23rd day of March, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3